# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DETRICK CROSTON                                                                PETITIONER

v.                          NO. 5:09CV00335 SWW/HDY

LARRY NORRIS, Director of the                                                  RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

STATE COURT PROCEEDINGS. The record reflects that in September of 2004, petitioner Detrick Croston ("Croston") was convicted in Faulkner County, Arkansas, Circuit Court of aggravated robbery and theft of property in case number CR 2004-1061. He desired to appeal his convictions and directed his attorney to prosecute the appeal. Sadly, his attorney did nothing to prosecute the appeal. Not only did his attorney do nothing to prosecute the appeal, his attorney made affirmative representations that a notice of appeal had been filed. Thus, Croston could have believed that an appeal was underway. At some point, he learned that his attorney had never filed a notice of appeal. In dismissing his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, United States District Court Judge Susan Webber Wright adopted the undersigned's findings and found the following with regard to the events that occurred after Croston learned of his attorney's misconduct:

> Sometime in 2006, Croston's attorney self-reported his own misconduct to the Arkansas Supreme Court Committee on Professional Conduct ("Committee"). His attorney admitted that he did not file a notice of appeal in CR 2004-1061 and that he had advised Croston on more than one occasion that a notice of appeal had been filed. Croston's attorney acknowledged that he was completely at fault and that 'no errors were committed or caused in whole or in part by ... Croston.' [Citation omitted]. The Committee concluded that Croston's attorney had violated several state Rules of Professional Conduct which 'resulted in the loss of ... Croston's right to an appeal of his conviction being heard by the Arkansas Supreme Court or Court of Appeals.' [Citation omitted].

> On January 13, 2006, Croston filed a timely motion for belated appeal with the state Supreme Court. He failed, however, to comply with the requisite procedural rules, and the state Supreme Court denied his motion for belated appeal in an opinion delivered on May 11, 2006. ...

See Croston v. Norris, 5:08CV00227, Document 9 at 3-4 (E.D.Ark. December 18, 2008). Thus, Croston never received direct appellate review of his convictions in CR 2004-1061.

Croston subsequently attempted to file several petitions for post-conviction relief in the state courts of Arkansas. In dismissing his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, Judge Wright adopted the undersigned's findings and found the following with regard to Croston's attempts to file a state court petition for post-conviction relief and obtain a ruling on one of the petitions:

> On June 8, 2006, Croston filed his first petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 with the Faulkner County, Arkansas, Circuit Court ("Petition One"). His thirty-two page petition, though, exceeded the maximum number of pages allowed for such a petition. For that reason, the state trial court judge denied Petition One on July 24, 2006, although the order denying his petition was not entered on the circuit court docket until September 14, 2006.
>
> Croston appealed the denial of Petition One to the state Supreme Court. His appeal appears to have been dismissed on April 26, 2007, when he failed to file a timely appellate court brief. ...
>
> On December 27, 2006, Croston filed a second petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 with the Faulkner County, Arkansas, Circuit Court ("Petition Two"). On May 31, 2007, he filed a third petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 with the Faulkner County, Arkansas, Circuit Court ("Petition Three"). On December 19, 2007, the state trial court judge denied either Petition Two or Petition Three. ...

> Croston appealed the December 19, 2007, order and, thereafter, filed a motion requesting an extension of time within which to file his brief. The state Supreme Court declined to address the motion but instead dismissed his appeal [because it was clear that both Petitions Two and Three were not timely filed]. ..."

See Croston v. Norris, 5:08CV00227, Document 9 at 4-6. Thus, he never successfully filed, or obtained a ruling on, a state court petition for post-conviction relief.

5:08CV00227. In August of 2008, Croston filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He maintained that he was denied his right to a direct appeal of his convictions in CR 2004-1061 because of his attorney's misconduct.

Respondent Larry Norris ("Norris") responded to the petition by filing a motion to dismiss. He maintained that the petition was barred by limitations.

Judge Wright adopted the undersigned's findings and found the following: (1) Croston's convictions became final, and the one year limitations period began, in June of 2006, and he had up through June of 2007 to file a timely petition pursuant to 28 U.S.C. 2254;[1] (2) he did not file the petition in 5:08CV00227 until August of 2008; and (3) the one year period was not tolled by any of his post-convictions submissions as none of them were properly filed, and there was no other reason for excusing his delay in filing the petition in 5:08CV00227. Thus, his petition was dismissed because of limitations.

---

[1] Judge Wright accepted Croston's representation that he did not become aware of his attorney's misconduct until June of 2006 despite the fact that his attorney's misconduct was the basis for his January of 2006 motion for belated appeal.

Croston filed a notice of appeal in 5:08CV00227 in an attempt to appeal the dismissal of his petition. Judge Wright construed the notice of appeal as a motion for a certificate of appealability and denied the motion. Croston appealed the denial of his motion, and the United States Court of Appeals for the Eighth Circuit ("Court of Appeals") affirmed the denial of the motion in March of 2009. The Court of Appeals issued a mandate in April of 2009.

THE PROCEEDING AT BAR. In October of 2009, Croston commenced the proceeding at bar by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advanced four claims, all of which involved challenges to some aspect of his lack of a direct appeal. He also addressed the question of whether he was required to obtain the approval of the Court of Appeals before filing his petition and the question of whether his petition is barred by limitations. With regard to the former question, he represented the following:

> The United States Supreme Court has ruled that a habeas petition filed subsequent to [the] dismissal of a prior petition without prejudice [is] not considered [a] second or successive petition[] ...
>
> ...
>
> Petitioner is not obligated to first obtain authorization from the ... Court of Appeals based on the fact his original habeas petition [i.e., 5:08CV00227] was dismissed as a result of the District Court granting [Norris'] Motion to Dismiss for failure to exhaust state remedies and not by ordering said habeas petition dismissed with prejudice. ...

See Document 2 at 5. With regard to the latter question, Croston represented the following:

> In Petitioner's first bite of the federal habeas apple, the District Court could not move past the one year filing deadline in 28 U.S.C. 2244(d). When the Court gave Petitioner an opportunity to offer an excuse for his delay, a laymen Pro Se inmate litigant, who may be best described as "functionally illiterate" stood lost on the highway to justice while the Court and Respondent both flew past him driving legalese too fast and foreign for him to keep up with.

See Document 2 at 15. Croston then offered the justification for entertaining a petition pursuant to 28 U.S.C. 2254 that he failed to offer in 5:08CV00227, that being, the one year limitations period was equitably tolled. He specifically maintained that the limitations period was tolled during the period he attempted to obtain post-conviction relief in the state courts of Arkansas and, alternatively, extraordinary circumstances prevented him from filing a timely petition pursuant to 28 U.S.C. 2254.

Norris responded to Croston's petition by filing the pending motion to dismiss. See Document 6. In the motion, Norris maintained that the petition should be dismissed because: (1) Croston failed to obtain the approval of the Court of Appeals before filing his petition; and (2) alternatively, the petition is barred by limitations.

The undersigned briefly reviewed the parties' submissions and determined that before giving serious consideration to Norris' assertions, Croston should be invited to submit a response to Norris' motion to dismiss. Croston was so invited.

-7-

Croston accepted the invitation by filing a response. He admitted that he did not obtain the approval of the Court of Appeals before filing the petition at bar but that approval was not required because 5:08CV00227 was dismissed without prejudice. With regard to limitations, he maintained that the limitations period was tolled during the period he attempted to obtain post-conviction relief in the state courts of Arkansas.[2]

The undersigned has now had an opportunity to review the parties' submissions. Given that review, the undersigned makes the following findings and recommendation.

THE APPROVAL OF THE COURT OF APPEALS. The filing of a second or successive petition pursuant to 28 U.S.C. 2254 is governed 28 U.S.C. 2244(b). It provides, in relevant part, the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

The petition at bar is Croston's second challenge to CR 2004-1061 by means of a petition pursuant to 28 U.S.C. 2254, and the approval of the Court of Appeals is therefore required before a second or successive petition can be filed. There are, however, exceptions to the general rule, e.g., approval is not required when a prior petition is dismissed for failure to exhaust, see Slack v. McDaniel, 529 U.S. 473 (2000); or is dismissed as premature, see Stewart v. Martinez-Villareal, 523 U.S. 637 (1998). The dismissal of a prior petition for limitations is not, however, one of the exceptions.

---

[2] Croston later filed a supplemental response to the motion, which was identical to his first response.

In Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Court Judge William R. Wilson, Jr., addressed the question posed in this proceeding. Relying in part upon Altman v. Benik, 337 F.3d 764 (7th Cir. 2003), Judge Wilson found that "[the] [d]ismissal of a habeas petition on statute-of-limitations grounds constitutes an adjudication on the merits, rendering subsequent petitions 'second or successive' and thus subject to the provisions of ... 2244(b)." See Id. at 3.

Croston's first petition–the petition in 5:08CV00227–was dismissed because of limitations. He was required to have obtained the approval of the Court of Appeals before filing the petition at bar. Because he did not, his petition should be dismissed.[3]

LIMITATIONS. In addition to the foregoing, Croston faces the same limitations problem with the petition at bar that he did with his first petition. In that regard, a state prisoner has one year during which he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. If he does not file his petition within that one year period, it is forever barred.

In dismissing his first petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, Judge Wright adopted the undersigned's findings and found the following with regard to the beginning of the limitations period for filing a petition pursuant to 28 U.S.C. 2254:

---

3

In Bates v. Norris, Judge Wilson did not order the petition dismissed; instead, he ordered the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Croston's petition should not be treated likewise. Unlike the petitioner in Bates v. Norris, Croston does not represent that he does not have copies of his original filings. In addition, the Court of Appeals appears to have passed on the issues raised in this petition in the appeal of 5:08CV00227.

> Croston has not specifically alleged which sub-paragraph of 28 U.S.C. 2244(d)(1) is applicable in this proceeding. Liberally construing his pro se submissions, he appears to maintain that sub-paragraph (D) is applicable, i.e., the one year period commenced on "the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence." Given that construction of his pleadings, the one year period would have commenced on the day he could have discovered through the exercise of due diligence that his attorney had never filed a notice of appeal. He represents that he was not aware of his attorney's misconduct until June 6, 2006.
>
> Croston knew of his attorney's misconduct by at least January 13, 2006, i.e., the day on which he filed his motion for belated appeal, as his attorney's misconduct was the basis for the motion. The [Court] nevertheless accepts ... Croston's representation that he did not learn of, nor could he have discovered through the exercise of due diligence, his attorney's misconduct until June 6, 2006. The one year period thus commenced on that date, and he had up through June 5, 2007, to file a timely petition pursuant to 28 U.S.C. 2254. ...

See Croston v. Norris, 5:08CV00227, Document 9 at 8. Croston failed, however, to file a petition pursuant to 28 U.S.C. 2254 by June of 2007; he did not file his first petition until August of 2008 and did not file the petition at bar until October of 2009. Accordingly, he filed the petition at bar outside the one year period. The only question is whether he can show some excuse or justification for failing to file the petition at bar within the one year period.

Croston maintains that the limitations period was tolled during the period he attempted to obtain post-conviction relief in the state courts of Arkansas and that extraordinary circumstances prevented him from filing a timely petition. Sadly for Croston, though, neither assertion has any merit.

With regard to Croston's assertion that the limitations period was tolled during the period he attempted to obtain post-conviction relief in the state courts of Arkansas, Judge Wright rejected that assertion in 5:08CV00227.[4] It is pointless to re-visit it now.

---

[4]

With regard to whether Croston's motion for belated appeal tolled the limitations period, Judge Wright specifically found the following:

"... Although he filed the motion in a timely manner, it was denied by the state Supreme Court in an opinion delivered on May 11, 2006, when he failed to comply with the requisite procedural rules. As the [Court] has calculated the one year period as having commenced after that day, or on June 6, 2006, the period of time his motion was pending has already been excluded from the one year period."

See Croston v. Norris, 5:08CV00227, Document 9 at 10.

With regard to whether Croston's petitions for post-conviction relief tolled the limitations period, Judge Wright specifically found the following:

"28 U.S.C. 2244(d)(2) does not provide that the time during which **any** petition for post-conviction relief is pending should not be counted toward the one year period. Rather, it provides that only **properly filed** petitions warrant such consideration. ... A petition is not properly filed, and the time it is pending is counted, if it is denied as untimely, ... or because it fails to comply with a state's procedural rules. ...

"Croston filed Petition One on June 8, 2006, or two days after the commencement of the one year period. Because the petition exceeded the maximum number of pages allowed, it was denied on July 24, 2006, although the order denying the petition was not entered on the circuit court docket until September 14, 2006. He appealed the denial of Petition One, but the appeal appears to have been dismissed on April 26, 2007, when he failed to file a timely appellate court brief. ... Croston failed to comply with the state's procedural rules in commencing Petition One, and it was not properly filed. The time it was pending will therefore not be excluded in calculating the one year period.

"Croston filed Petition Two on December 27, 2006, or approximately six and one half months after the commencement of the one year period. He filed Petition Three on May 31, 2007, or six days before the expiration of the one year period. On December 19, 2007, the state trial court judge denied one of the petitions. Croston appealed the December 19, 2007, order, but the appeal was dismissed on May 8, 2008, when the state Supreme Court determined that neither Petition Two nor Petition Three were filed in a timely manner. ... Croston failed to file Petition Two or Petition Three in a timely manner, and the petitions were not properly filed. The time they were pending will therefore not be excluded in calculating the one year period.

"None of the three petitions for post-conviction relief filed by Croston in state court were properly filed. They did nothing to toll the one year period that commenced on June 6, 2006. ..."

See Croston v. Norris, 5:08CV00227, Document 9 at 9-10.

-11-

With regard to Croston's assertion that extraordinary circumstances prevented him from filing a timely petition, the undersigned presumes by "extraordinary circumstances" that he means the fall-out from his attorney's misconduct. The problem with using his attorney's misconduct as an excuse or justification for filing an untimely petition is that counsel's misconduct did not prevent him from filing a timely petition. Judge Wright found in 5:08CV00227 that the one year period commenced after the denial of Croston's motion for belated appeal, or well after he learned of his attorney's misconduct, and still he did not file his first petition pursuant to 28 U.S.C. 2254 until more than two years later and did not file the petition at bar until October of 2009.

There is simply no reason for excusing the untimeliness of the petition at bar. The undersigned concludes that it is therefore barred by limitations, and Croston's petition should be dismissed for that reason.

RECOMMENDATION. The undersigned recognizes that Croston never received appellate review of his convictions in CR 2004-1061. It is hard not to focus upon the fact that his attorney failed to file a notice of appeal and attribute all of Croston's difficulties to that fact, but it is Croston's failure himself to properly pursue a belated appeal <u>after he became aware of his attorney's misconduct</u> that prevents him from now pursing relief pursuant to 28 U.S.C. 2254. Norris' motion to dismiss should be granted and Croston's petition should be dismissed. All requested relief should be denied, and judgment should be entered for Norris.

DATED this   5   day of January, 2010.

                                                  UNITED STATES MAGISTRATE JUDGE